**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-1420**

———————

NABINTU AURELE MONGANE,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

———————

**No. 08-1929**

———————

NABINTU AURELE MONGANE,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

———————

On Petitions for Review of Orders of the Board of Immigration Appeals.

———————

Submitted: March 5, 2009        Decided: April 16, 2009

———————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————

Petitions denied by unpublished per curiam opinion.

Timothy W. Davis, LAW OFFICE OF TIMOTHY W. DAVIS, LLC, Baltimore, Maryland, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Jonathan Robbins, Trial Attorney, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions, Nabintu Aurele Mongane, a native and citizen of the Congo, seeks review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's decision finding her removable and denying her applications for relief under the Convention Against Torture ("CAT") and the order denying her motion for reconsideration. We deny the petitions for review.

To qualify for protection under the CAT, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989).

3

"Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). Contradictory evidence may support an adverse credibility finding even if the alien offers a plausible explanation. Dankam v. Gonzales, 495 F.3d 113, 121-22 (4th Cir. 2007). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538. Even in light of an adverse credibility finding, the immigration judge must still determine if independent evidence supports the alien's claim. Camara, 378 F.3d at 371-72.

We find no abuse of discretion. The adverse credibility finding is supported by substantial evidence and the record does not compel a contrary finding. We also note that there was a lack of independent evidence showing that it was more likely than not Mongane will be tortured if she returns to the Congo.

Mongane also claims she was denied due process. To succeed on a due process claim in an asylum proceeding, the alien must establish two closely linked elements: (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008) (citing Rusu, 296 F.3d at 320-22, 324). Mongane failed to show the proceeding before the immigration judge or on appeal was fundamentally unfair. In light of the adverse credibility finding and the lack of independent evidence supporting her claim, she failed to show she was prejudiced by any alleged defect in the proceeding.

We deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

5